IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| PATTI TOOHEY, | ) <br> ) <br> ) |
| Plaintiff, | ) Case No. 1:13-cv-1059-AJT/JFA <br> ) |
| v. | ) <br> ) |
| MANTECH INTERNATIONAL CORPORATION, | ) <br> ) <br> ) |
| Defendant. | ) <br> ) |

## STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED by the parties, through their undersigned counsel that certain documents and information produced during discovery in this litigation should be kept confidential to protect the legitimate business interests and confidential personal information of the parties, their clients and business associates, and other persons, and that there is good cause, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, to establish the following provisions to govern documents and information produced in discovery in this litigation:

1. **Definitions.**

   For the purposes of this Stipulation and Protective Order:

   A.   "Document" includes, but is not limited to, the paper and electronic originals and all non-identical copies of all statements, affidavits, letters, telegrams, contracts, memoranda, inter and intra office memoranda, papers, notes, minutes of meetings, bills, invoices, reports, studies,

1

computer tapes, computer disks, x-rays, medical reports, computer cards, electronic mail, calendar and diary entries, photographs, advertisements, pamphlets, periodicals, books, graphs, charts, tabulations, analysis, working papers, statistical or informational accumulations, audio or video recordings, notes or recollections of interviews, conferences, telephone calls, meetings or other types of communications; drafts or preliminary revisions of all of the above; any other written, printed, typed or other graphic matter of any nature, no matter how produced or reproduced; those materials produced pursuant to the applicable discovery rules; interrogatory answers; responses to requests for admissions; deposition transcripts and exhibits; pleadings; motions; affidavits; and/or briefs and exhibits.

B.  "Confidential document" and/or "Confidential information" means any document or information contained in documents, testimony or other materials that bears the legend, or is otherwise designated, "Confidential" and that the producing person or a party to this action believes in good faith to contain confidential information, including such information set forth in Rule 26(c) of the Federal Rules of Civil Procedure and confidential personal information pertaining to the parties.

2.  **Use of Information and Documents.**

All persons obtaining access to "Confidential" information or documents in this action shall use the information or documents only for preparation and trial of this action, including any appeal and retrial, and shall not use such information or documents for any other purpose, including for business or governmental purposes or for any administrative or other judicial proceeding.

2

3. **Permissible Disclosure of "Confidential" Information and Documents.**

Except under Order of this Court, material designated or considered "Confidential" pursuant to this Stipulation and Protective Order shall be used solely for the purposes of this action and shall not be disclosed to any person, except the Court (including the Clerk's office), the parties, counsel for the parties, their staff members, their professional and para-professional employees, professional service providers in support of discovery or court proceedings in this action, and any experts associated by the parties regarding this action.

Notwithstanding the provisions of the preceding paragraph, the parties may disclose to persons who may be called as witnesses in the case during trial or discovery such "Confidential" material that counsel believes in good faith to be necessary for the adequate preparation or presentation of the case. Prior to any such disclosure under this paragraph, counsel shall inform the witness of the provisions of this Stipulation and Protective Order and obtain his or her written agreement to be bound by this Stipulation and Protective Order (to which shall be attached a copy of this Stipulation and Protective Order).

4. **Good Faith Efforts.**

The parties and their counsel agree to use their best efforts to designate as "Confidential" only those materials that they in good faith believe constitute or contain private personal information, a trade secret or other confidential research, development, or commercial information as contemplated by Rule 26(c) of the Federal Rules of Civil Procedure. The attorneys for the parties agree to negotiate in good faith regarding the redaction of documents, if necessary and requested by another party, where the document has been designated as confidential but portions of its content are not confidential.

3

5. **Unrestricted Information and Documents.**

Designation of a discovery response or document as subject to the terms of this Stipulation and Protective Order shall be made by clearly marking the document "Confidential" on every page of the document in a conspicuous location, or by labeling the storage device on which ESI is produced if the ESI is produced in native format. This Stipulation and Protective Order shall not restrict the use or disclosure of confidential information or documents obtained in a manner other than as a result of discovery among the parties in this action; provided, however, that (a) production of any information or document inadvertently not designated "Confidential" shall not itself be deemed a waiver of the producing person's claim of confidentiality as to such matter, and the producing person or a party to this action may thereafter designate the same as "Confidential"; and (b) all documents produced by any party, person, or entity in connection with this action shall be treated as though they were "Confidential" documents for seven (7) days after their production to allow any party to this action to designate any of such documents as may be appropriate as "Confidential" if the producing person has not done so.

6. **Designation of Confidential Portions of Depositions.**

A. All testimony which refers or relates to "Confidential" documents or information, and all deposition exhibits that consist of "Confidential" documents or contain "Confidential" information, shall automatically be deemed designated "Confidential."

B. Not more than 10 days after receiving a deposition transcript, any of the parties or the deponent may designate specific testimony or transcript pages as "Confidential" by written notice to counsel for all parties and the deponent. Until the expiration of the 10-day period, the entire deposition testimony and transcript shall be treated as "Confidential." At the end of the

10-day period, each portion of testimony or page of the transcript will be "Confidential" if so designated by any party or by the deponent during the period.

C.  During any deposition in this litigation, if any witness, examining attorney, or defending attorney believes that the testimony to be given or the questions to be asked will include information designated as "Confidential" then the attorney or witness shall immediately state on the record, prior to the question or testimony, that the question or testimony will include information designated as "Confidential."

D.  Attendance at depositions, including attendance by party representatives, shall be consistent with the provisions of this Stipulation and Protective Order.

7. **Use of "Confidential" Documents and Information at Trial.**

Subject to the applicable rules of evidence, "Confidential" information and documents, or summaries or abstracts prepared from such information or documents, may be offered in evidence at trial, in support of any motion, or at any court hearing in open court, provided that the proponent of the evidence gives appropriate advance notice to counsel for the person that designated the information or document as "Confidential." Any producing person may move the Court for an order that the evidence be received under conditions to prevent its disclosure to persons not entitled under this Stipulation and Protective Order to have access to it. The Court shall then determine whether the proffered evidence should continue to be treated as "Confidential" and, if so, what protection, if any, should be afforded to such evidence at the trial or hearing.

8. **Subpoenas Seeking Confidential Documents.**

If any person that has obtained "Confidential" information or documents under the terms of this Stipulation and Protective Order receives a subpoena commanding the production of any such

5

information or documents, such person shall promptly notify the person that designated the information or documents as "Confidential" of the service of the subpoena. The person served with the subpoena shall not produce any "Confidential" information or documents in response to the subpoena for a period of 20 days without the prior written consent of the person that designated the information or documents as "Confidential." Thereafter, the producing party has the burden of obtaining a court order prohibiting production and/or opposing any motion to compel production.

9. **Challenges to Designations of Confidentiality.**

Any party may, at any time after attempting to resolve the matter by agreement, apply by motion to the Court for a ruling that certain documents or testimony designated as "Confidential" or the information therein, are not entitled to "Confidential" status or protection. The "Confidential" status of the documents, testimony, and information at issue shall be maintained pending the Court's ruling on the motion and any appeal therefrom.

No party shall be obligated, however, to challenge the propriety of the designation of any material as "Confidential" and a failure to do so shall not preclude any subsequent objection to such designation or motion seeking permission to disclose such material to persons not referred to in Section 3 hereof.

10. **Nonwaiver of Objections to Discovery or Admissibility.**

Nothing herein shall affect any person's right to object to any discovery request, including the right to assert that no discovery should be had of certain documents or information. Nor shall anything herein affect any person's right to seek the production of documents, testimony, or any other information from any other source. Moreover, the agreement of the parties embodied in this

Stipulation and Protective Order does not constitute an admission or agreement that any document or information is admissible as evidence in this case. Designation of any information as being subject to this Stipulation and Protective Order shall have no meaning or effect with respect to substantive issues in this proceeding or the claims or defenses of any party thereto.

**11. Procedure Upon Unauthorized Disclosure.**

If confidential information or documents under the terms of this Stipulation and Protective Order are disclosed to any person other than one entitled to disclosure in the manner authorized hereunder, the party responsible for the disclosure shall immediately upon learning of such disclosure inform the designating party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this Stipulation and Protective Order, duplication of, access to, and distributions of confidential information or documents under the terms of this Stipulation and Protective Order.

**12. Procedure Upon Termination of Litigation.**

The provisions of this Stipulation and Protective Order shall survive and remain in full force and effect after the entry of final judgment (including appellate proceedings) in this case whether by settlement or litigation. Within 30 days after the final conclusion of all aspects of this action by judgment not subject to appeal or by settlement, "Confidential" documents and all copies of same, and all documents containing or referring to "Confidential" information, other than trial transcripts and trial exhibits admitted into evidence, shall, at the option of the producing person, either be returned to the producing person or destroyed; provided, however, that privileged

documents or work product need not be returned but instead may be destroyed. All persons that received "Confidential" documents shall make certification of compliance with this paragraph and shall deliver same to counsel for the person that produced the documents not more than 60 days after the final conclusion of this action.

13. **Right To Seek Modification.**

Nothing in this Stipulation and Protective Order shall be construed to limit, restrict, or otherwise affect the ability of the parties to seek by motion the modification or revision or amendment of this Stipulation and Protective Order. This Stipulation and Protective Order may be amended without leave of the Court by the agreement of counsel for the parties in the form of a stipulation that shall be filed in this action. The fact that a party entered into this Stipulation and Protective Order may not be raised as a defense to or argument against any such motion.

14. **Documents Under Seal.**

The parties will comply with the requirements of Local Civil Rule 5 of the Local Rules of the United States District Court for the Eastern District of Virginia should they seek to file any documents with the Court under seal.

Entered into this 23rd day of January, 2014.

_/s/_
John F. Anderson
~~United States Magistrate Judge~~
Judge
U.S. District Court for the Eastern District of Virginia, Alexandria Division

SEEN AND AGREED:

/s/ Lori J. Searcy *(with permission)*
Lori J. Searcy (VA Bar No. 45007)
SEARCY BUSINESS LITIGATION AND
EMPLOYMENT LAW, LLC
5803 Rolling Road, Suite 201
Springfield, VA 22152
Phone: 703-644-4122
Fax: 888-664-1422
lori@searcy-law.com

David J. Shlansky, Esq
SHLANSKY LAW GROUP, LLP
303 Wyman Street, Suite 300
Waltham, MA  02451
Phone:  617-497-7200
Fax:  866-257-9530
David.Shlansky@slglawfirm.com

**Counsel for Plaintiff Patti Toohey**

/s/ Matthew F. Nieman
Matthew F. Nieman (VA Bar No. 47231)
Meredith F. Bergeson (VA Bar No. 83885)
JACKSON LEWIS P.C.
10701 Parkridge Boulevard, Suite 300
Reston, VA 20191
Phone: 703-483-8300
Fax:   703-483-8301
niemanm@jacksonlewis.com
meredith.bergeson@jacksonlewis.com

**Counsel for ManTech International Corporation**